UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAEL TODD FONTENOT AND BOBBIE FONTENOT | CIVIL ACTION |
| VERSUS | NO. 22-107 |
| OCEAN HARBOR CASUALTY INSURANCE COMPANY | SECTION: "P" (3) |

## ORDER

Before the Court is Defendant Ocean Harbor's Motion for Sanctions for Non-Compliance with Court Ordered Discovery (R. Doc. 88). Plaintiffs have filed an opposition.[1] For the following reasons, the motion is granted in part and denied in part.

The sanctions motion relates to this Court's order requiring Plaintiffs to make certain personal property available for inspection. Plaintiffs prepared an itemized list claiming approximately $175,000 in contents loss.[2] Since at least as far back as November 2023,[3] Defendant has attempted to obtain an inspection of the items that Plaintiffs included in their list. After motions practice and oral argument, on April 17, 2025, the Court granted in part Defendant's motion to compel and ordered the Plaintiffs to permit an inspection of the personal

---

[1] R. Doc. 93.
[2] R. Doc. 93 at 3. The policy limit for contents is $75,000. *Id.*
[3] R. Doc. 48-9 at 1.

1

property at issue and within their storage unit no later than May 1, 2025. The Court allowed Plaintiffs to choose between allowing full access to the storage unit in which the property is kept or removing the relevant items for inspection outside the storage unit. Plaintiffs' counsel agreed to facilitate the inspection.

Defendant has moved for sanctions because Plaintiffs have refused to comply with the April 17 discovery order. In opposition, Plaintiffs raise three arguments. First, they claim that Defendant delayed scheduling the inspection. Any alleged delay, however, in requesting the inspection does not excuse Plaintiffs' ongoing refusal to comply with the Court's order. Second, Plaintiffs dispute whether an inspection is appropriate and necessary. The Court already ruled against Plaintiffs on that argument. Third, Plaintiffs maintain that the inspection delay is the product of Defendant's failure to provide a proposed protocol. That argument also disregards the Court's ruling. As previously ordered, the inspection must go forward. It can occur through granting access to the storage unit or through bringing the relevant items out of the storage unit for inspection. No further protocol is necessary to accomplish this routine step in the discovery process.

The next step is assessing an appropriate sanction. Plaintiffs have violated the Court's prior order. They offer no persuasive justification or explanation for their noncompliance. Thus, Defendant is entitled to recover its reasonable expenses, including attorney's, incurred in connection with the Motion for Sanctions (R. Doc. 88) under Rule 37(b)(2)(C).

Defendant has moved for additional sanctions under Rule 37(b)(2)(A). That rule provides that courts may respond to noncompliance with their orders by doing one or more of the following:

    i.    directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

    ii.    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

    iii.    striking pleadings in whole or in part;

    iv.    staying further proceedings until the order is obeyed;

    v.    dismissing the action or proceeding in whole or in part;

    vi.    rendering a default judgment against the disobedient party; or

    vii.    treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Defendant seeks dismissal of Plaintiffs' content claims with prejudice or, in the alternative, an appropriate remedy to be fashioned by the Court.[4]

The most severe sanction for noncompliance under Rule 37 is dismissal with prejudice. Fifth Circuit caselaw "'imposes a heightened standard' for entering 'litigation ending sanctions' under the Federal Rules of Civil Procedure." *Calsep A/S v. Dabral*, 84 F.4th 304, 311 (5th Cir. 2023) (quoting *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019)). The Fifth Circuit has thus observed:

---

[4] R. Doc. 88 at 1.

> Although the district court's discretion under Rule 37 is broad, we have repeatedly emphasized that it is not unlimited, and we have often characterized a dismissal with prejudice as a "draconian" remedy, or a "remedy of last resort" only to be applied in extreme circumstances. Nevertheless, we are mindful of the Supreme Court's admonition regarding the natural tendency of reviewing courts, employing hindsight, to be heavily influenced by the severity of outright dismissal of an action as a discovery sanction.

*Batson v. Neal Spelce Assocs., Inc.*, 765 F.2d 511, 515 (5th Cir. 1985) (citing, *inter alia*, *Marshall v. Segona*, 621 F.2d 763, 767 (5th Cir. 1980); *Nat'l Hockey League v. Metro Hockey Club, Inc.*, 427 U.S. 639, 642 (1976)) (internal citations removed). Still, "discovery delays are serious, especially when they are part of a pattern." *Calsep*, 84 F.4th at 313 (citing *United States v. $49,000 Currency*, 330 F.3d 371, 377 (5th Cir. 2003)).

The Fifth Circuit has identified several factors (the "*Conner* factors") that must be present before a court may dismiss a case with prejudice for a party's violation of a discovery order. *See D.I.C. v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994). To justify such a dismissal, the court must determine that:

> (1) "the refusal to comply results from willfulness or bad faith and is accompanied by a clear record of delay or contumacious conduct;" (2) the violation of the discovery order must be attributable to the client instead of the attorney, (3) the violating party's misconduct "must substantially prejudice the opposing party;" and (4) a less drastic sanction would not substantially achieve the desired deterrent effect.

*Doe v. Am. Airlines*, 283 F. App'x. 289, 291 (5th Cir. 2008) (quoting *Conner*, 20 F.3d at 1380–81).[5]

---

[5] The jurisprudence discussed above developed primarily in the context of dismissals of a plaintiff's entire case. As Ocean Harbor acknowledges, however,

4

As for the first factor, Plaintiffs' noncompliance appears willful. The Court's order was clear. Nothing prevented Plaintiffs from allowing the inspection. Disagreement with a court order does not excuse noncompliance.

The impact of the second factor—the relative culpability of the client and counsel—is unclear. This does not appear to be a case in which recalcitrant clients foil an attorney's efforts to coax compliance with court orders. Nonetheless, further information is necessary to determine whether unwise advice of counsel or willful disobedience explains the Plaintiffs' noncompliance with the inspection order.

As for the third factor, prejudice, the record is also underdeveloped. While Defendant has spent more than a year attempting to obtain an inspection, the relevant time frame on the particular facts of this case runs from the date of the Court's order of April 17, 2025.[6] Defendant notes that it will be prejudiced if it goes to trial without information as to the contents in the storage unit. That is true, assuming the District Court allowed the contents claim to proceed in that hypothetical scenario. Yet Plaintiffs may still change course and allow the inspection to occur soon. The potential prejudice is great, but the actual

---

these factors are instructive as to the request for dismissal with prejudice of the contents claim.

[6] As explained at oral argument, there was some justification for Plaintiffs' position on the inspection relative to the motion to compel such that the Court did not assess fees against Plaintiffs in connection with that motion at that juncture. The Court may reconsider that decision should circumstances warrant.

5

prejudice at this stage is moderate, at best. And the overdue inspection may yet shed light on this factor.

Given the uncertainties above, it would be premature to impose a sanction of dismissal. Nonetheless, simply awarding Defendant its reasonable expenses in connection with the motion ignores the additional delay that Plaintiffs have caused and the seriousness of violating a court order without any apparent persuasive justification. Thus, Plaintiffs must also pay for the reasonable expenses, including attorney's fees, that Defendant incurs when arranging for and undertaking the inspection. Plaintiffs may yet be subject to further sanctions should the record support them.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Sanctions (R. Doc 88) is **GRANTED IN PART**. Plaintiffs are to make the items in storage available for inspection upon demand by Defendant and five calendar days' notice. While Defendant should attempt to schedule the inspection during convenient hours, the inspection may take place outside of normal business hours or on the weekend if necessary.

**IT IS FURTHER ORDERED** that Defendant is entitled to recover reasonable expenses, including attorney's fees, incurred in filing the sanctions motion and arranging for and undertaking the inspection, subject to Plaintiff's right to challenge the amount. Any fee motion must be filed within **10 calendar days of the inspection** and comply with the Local Rules. To the extent

Defendant seeks fees incurred in drafting its fee motion, Defendant must provide legal authority to support that request.

**IT IS FURTHER ORDERED** that Plaintiffs file a supplemental memorandum on or before **June 16, 2025**, clarifying whether their violation of the discovery order is attributable to Plaintiffs or their counsel. Defendants should address this supplemental memorandum in their fee motion when specifying whether their fee award should be assessed against Plaintiffs, their counsel, or both.

**IT IS FURTHER ORDERED** that Plaintiff's counsel provide a copy of this Order to his clients and explain its history and effect. That discussion must include an explanation of the following principle.

> If a party fails to obey an order to provide or permit discovery the Court may issue further just orders, including: prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or treating as contempt of court the failure to obey an order.

**IT IS FURTHER ORDERED** that the motion is **DENIED WITHOUT PREJUDICE** in all other respects. Defendant may re-urge its request for dismissal (or any other additional sanction under Rule 37) upon further development of the record, should circumstances warrant.

New Orleans, Louisiana, this 9th day of June, 2025.

                                           EVA J. DOSSIER
                                           UNITED STATES MAGISTRATE JUDGE