## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHAEL TODD FONTENOT AND BOBBIE FONTENOT** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-107** |
| **OCEAN HARBOR CASUALTY INSURANCE COMPANY** | **SECTION: "P" (3)** |

### ORDER

Before the Court is the Motion for Reconsideration (R. Doc. 115) filed by Ocean Harbor Casualty Insurance Company ("Ocean Harbor"). The primary basis for the Motion is the contention that Ocean Harbor timely filed a motion for attorney's fees on July 7, 2025. This argument fails because, to date, Ocean Harbor has not filed any motion for attorney's fees.

A June 9, 2025 order entitled Ocean Harbor to recover reasonable expenses, including attorney's fees. The order specifically instructed that any "fee **motion** must be filed within 10 calendar days of the inspection and **comply with the Local Rules**." R. Doc. 99 (emphasis added). It further stated that, "to the extent Defendant seeks fees incurred in drafting its fee **motion**, Defendant must provide legal authority to support that request." *Id.* (emphasis added).

Ten calendar days from the inspection fell on July 6, 2025 (a Sunday), making the deadline for the fee motion July 7, 2025. Rather than file a motion for attorney's fees, however, Ocean Harbor filed only an "Opposition to Plaintiff's Motion to Review

1

and Set Aside Magistrate Judge's Order Awar[d]ing Attorney Fees (Rec. Doc. 111) Awarded by the Magistrate Judge on June 9, 2025." That document, in turn, presents legal argument in support of the merits of the undersigned's prior ruling and a recitation of law relative to the proper standard for calculating attorney's fees.

The brief submitted by Ocean Harbor to the District Court is not a motion for attorney's fees filed in compliance with the Local Rules. Indeed, it is not a motion at all. It is a response to Plaintiff's motion for review of the undersigned's decision. That response is directed to the District Court's consideration of the pending motion. Ocean Harbor now asks that its brief be considered a fee motion, but this request overlooks that much of the brief is directed to substantive issues pending before the District Court. The argument that substance should come before form does not support converting an opposition memorandum submitted to the District Court to a motion for the undersigned's consideration.

Fees will not be awarded based on a non-existent motion. Any contention that Plaintiffs have not complied with an Order of the Court must similarly be presented via motion.

Accordingly,

**IT IS ORDERED** that the Motion for Reconsideration (R. Doc. 115) is **DENIED**.

New Orleans, Louisiana, this 29th day of July, 2025.

_____

**EVA J. DOSSIER**
**UNITED STATES MAGISTRATE JUDGE**
